IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                                              CR. NO. H-15-402

SIMONE SWENSON

DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S EXHIBITS

Defendant Simone Swenson, through her attorney, objects to the following government exhibits.

**Objection to Exhibit 6**

This exhibit is an email string spanning two weeks and including over twenty emails. Many of these emails are not relevant. For example, the emails at pages 4-7, with "Subject: baby due in two weeks," pertain to a discussion of an unnamed birth mother unrelated to any birth mother mentioned in the indictment. The defense objects to this exhibit unless and until the government proves relevance at trial. See Fed. R. Evid. 401.

**Objection to Exhibit 8**

These emails come from Defendant's "sanspareil.org" email account and are not properly authenticated, as the government did not subpoena the account and has

offered no custodian of records certificate.[1]   See Fed. R. Evid. 901.

These emails are also incomplete and should be excluded unless the defense has the opportunity to examine the remainder of the emails.   See Fed. R. Evid 106. It is unknown whether the remainder of the related emails in the account might be relevant and/or exculpatory. Many of the emails included in Exhibit 8 contain the notation "[Quoted text hidden]," indicating that additional email conversations preceded the government's selections.   See Exh. 8, pgs. 2-10, 14-18, 21.   The Court should exclude all emails from the sanspareil.org account unless the Government complies with Rule 106.

These emails are also irrelevant.   See Fed. R. Evid. 401.   The emails discuss the adoptive families' feelings (pg. 1, references "feeling scared"), which have no bearing on the crime charged (fraud).   Some of the emails are conversations between adoptive parents and Sans Pareil employees and Ms. Swenson is not included or cc-ed.   Emails not including Ms. Swenson (e.g., pgs. 15-17) are not relevant because it is unclear whether Ms. Swenson had any knowledge of the communication.   See Fed. R. Evid. 401.

These emails also contain hearsay.   See Fed. R. Evid. 801; e.g., pg. 1 (re.

---

[1] The defense attempted to obtain access to the full contents of the sanspareil.org email account when, at Defendant's request, this Court issued a subpoena to GoDaddy.com, the company that hosted the sanspareil.org account during the relevant time period.   GoDaddy.com does not have data for the email account, as the account is no longer in service.

birth mother Tammy Parker: "We found her on Facebook.  She mentioned in a post that she is working with Family to Family – another adoption agency in Houston."); pg. 24 (email between Nancy Nauss and family—not cc-ing Defendant—stating "Tami says she's fine and feeling good!!!").

**<u>Objection to Exhibit 9</u>**

The defense objects to the admission of these emails unless and until the Government proves their relevance.  <u>See</u> Fed. R. Evid. 401.  These emails should also be excluded as containing hearsay, as they purport to relay what birth mother Tammy Parker said.  <u>See</u> Fed. R. Evid. 801; <u>e.g.</u>, pg. 1 ("She goes back on August 5th. She is saying Nov 4th but we think the doctor in Dallas said something else.").

**<u>Objection to Exhibit 11</u>**

This exhibit is from the "sanspareil.org" email account and has not been properly authenticated.  <u>See</u> Fed. R. Evid. 901.  The emails are also incomplete because, as is clear from the face of the emails, prior emails are excluded each time the phrase "[Quoted text hidden]" appears.  <u>See</u> Fed. R. Evid. 106; <u>e.g.</u>, pgs. 2-6, and 8.

The defense also objects to these emails unless and until the government proves relevance at trial.  <u>See</u> Fed. R. Evid. 401.  The emails further should be excluded under Rule 801 as containing hearsay, as they purport to relay statements

by birth mother Tammy Parker.  E.g., Pg. 1/9 ("…good to hear that [Tammy] is willing to come back to the Woodlands for delivery."), 3/9 ("She is not moving to The Woodlands because Jerrell doesn't feel comfortable there… UGH!").

**Objection to Exhibit 13**

Emails from the "sanspareil.org" account are not properly authenticated. See Fed. R. Evid. 901.  They are also incomplete and should be excluded unless the Government provides the remainder of the emails.  See Fed. R. Evid. 106.

These emails are also not relevant, as on some of the emails Ms. Swenson is neither sender nor recipient and there is no indication she had knowledge of the communication.  E.g., pg. 2, Sept. 30, 2013 email.  The defense objects unless and until the government proves relevance at trial.  See Fed. R. Evid. 401.

**Objection to Exhibit 15**

The defense objects to the admission of these emails unless and until the government proves their relevance at trial.  See Fed. R. Evid. 401.  The emails also contain hearsay, as they purport to relay statements by birth mother Tammy Parker and the content of phone conversations.  E.g., pg. 1 ("Tammy said she went to the doctor this week already." "She is asking for items for hospital.").

**Objection to Exhibit 21**

Emails from the "sanspareil.org" account are not authenticated.  See Fed. R.

Evid. 901. They are also incomplete and should be excluded unless the Government provides the remainder of the emails. See Fed. R. Evid. 106. This exhibit is incomplete on its face, as the email string starts on "Page 13 of 41" and begins mid-email. Portions of the incomplete email conversation are related to specific allegations regarding payment of a fee by government witness Annise Neidrich. See Indictment ¶¶ 38, 41.

Other portions of these emails are not relevant, as the emails are only between a Sans Pareil employee and an adoptive parent, with no indication that Ms. Swenson was included on or aware of the email correspondence. See Fed. R. Evid. 401; e.g., pgs. "13 of 41" through "20 of 41" (Ms. Swenson is not included on a single email).

These emails also contain hearsay to the extent they reference conversations had between the Sans Pareil employee and Ms. Swenson. See Fed. R. Evid. 801; e.g., pg. 13 of 41 ("Simone and I were wondering…" and "I talked to Simone again just now and....").

**Objection to Exhibit 22**

The defense objects to this email unless and until the government proves its relevance at trial. See Fed. R. Evid. 401.

**Objection to Exhibit 23**

This email is not relevant, as there is nothing in the subject line or content of

the email that ties it to any particular birth mother or fact alleged in the indictment. See Fed. R. Evid. 401.

**Objection to Exhibit 25**

The defense objects to this email unless and until the government proves its relevance at trial. See Fed. R. Evid. 401.

**Objection to Exhibit 26**

Emails from the "sanspareil.org" account are not authenticated. See Fed. R. Evid. 901. This email string also is incomplete. See Fed. R. Evid. 106. The last email in the exhibit, dated September 19, 2013 at 8:17 AM, is an email from an adoptive parent to Defendant posing a question about adoption fees. Without presenting the complete string of emails—the full conversation—it is impossible to tell how or if Ms. Swenson responded. The Government has alleged that Ms. Swenson charged fees without explanation. See Indictment ¶ 7. The lack of completeness of the exchange permits the jury to make assumptions or speculate about Defendant's response or lack thereof.

The defense further objects to this exhibit unless and until the government proves relevance at trial. See Fed. R. Evid. 401.

**Objection to Exhibit 28**

These are more emails from the sanspareil.org account between Ms. Swenson

and an adoptive parent. Emails from the "sanspareil.org" email account are not authenticated. See Fed. R. Evid. 901. They are incomplete and should be excluded. See Fed. R. Evid. 106.

This exhibit also contains hearsay as the emails purport to state what birth mother Brandy wants: "She might want a visit a year she is not sure yet." "Brandy is excited you will be matching with her." See pg. 1. No hearsay exception applies.

The defense also objects to the admission of this exhibit unless the government proves relevance at trial. See Fed. R. Evid. 401.

**Objection to Exhibit 30**

This exhibit is a string of emails between Ms. Swenson and an adoptive parent. The defense objects to the admission of this exhibit unless the government proves relevance at trial. See Fed. R. Evid. 401.

**Objection to Exhibit 32**

Defendant objects to the admission of this exhibit as containing hearsay. See Fed. R. Evid. 801. These emails discuss a phone conversation purportedly had with birth mother Brandy Parsons. No hearsay exception applies. The defense further objects to this exhibit unless the government proves relevance at trial. See Fed. R. Evid. 401.

**Objection to Exhibit 34**

This exhibit contains more emails between Ms. Swenson and adoptive parents. The defense objects to the admission of this exhibit unless and until the government proves relevance at trial. See Fed. R. Evid. 401.

**Objection to Exhibit 36**

This is an email sent by a representative of an adoption agency to Ms. Swenson. There is no reply by Ms. Swenson to the email. The defense objects to the admission of this exhibit unless and until the government proves relevance at trial. See Fed. R. Evid. 401.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas No. 3233
Texas State Bar No. 14003750

By /s/ Charlotte Anne Herring
CHARLOTTE ANNE HERRING
Assistant Federal Public Defender
Attorney in Charge
Southern District of Texas No. 1839004
Texas Bar No. 24064026
Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, TX   77002
Telephone:   713.718.4600
Facsimile:   713.718.4610

## **CERTIFICATE OF SERVICE**

I certify that on January 17, 2017, a copy of this filing was sent via electronic filing notification and by e-mail to Tina Ansari, Assistant United States Attorney.

s/ Charlotte Anne Herring  
CHARLOTTE A. HERRING
