United States District Court
Southern District of Texas
**ENTERED**
September 27, 2019
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| VS. | § § § § § § § | CRIMINAL ACTION NO. H-15-402 |
| SIMONE SWENSON | § | |

**JURY INSTRUCTIONS**

Members of the Jury:

You have now heard the evidence in the case. In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions that apply in every case, such as instructions about the burden of proof and how to judge the believability of witnesses. Next I will give you some specific instructions on the law that applies in this case. I will then give you final instructions explaining the procedures for you to follow in your deliberations.

**GENERAL INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened, that is, in reaching your decision as to the facts, it is your sworn duty to follow all of the rules of law as I explain them to you. You have no right to disregard, or give special attention to, any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not

1

substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. It is also your duty to base your verdict solely on the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment, or formal charge, against a defendant is not evidence of guilt. Indeed, every defendant is presumed by the law to be innocent. Every defendant begins with a clean slate. The law does not require a defendant to prove his innocence or to produce any evidence at all.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" about the defendant's guilt. A "reasonable doubt" is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act on it without hesitation in making the most important decisions in your own life.

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, it is your own recollection

and interpretation of the evidence that controls in this case. What the lawyers say is not binding on you.

During the trial, I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question, or what the exhibit might have contained. Do not consider any testimony or other evidence that was removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible, and admitted, evidence and testimony.

Also, do not assume from anything I did or said during the trial that I have any opinion about any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own verdict.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence. Do not be concerned about whether the evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of Ms. Swenson's guilt beyond a reasonable doubt before you can find her guilty.

I emphasize that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job as jurors will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say and how important that testimony was.

In making that decision, I suggest that you ask yourself a few questions. Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time, the witness said or did something, or failed to say or do

something, which is inconsistent with the testimony the witness gave at this trial. A witness's earlier, out-of-court statements were not admitted in evidence to prove that the contents of those statements are true. You may not consider these earlier statements to prove that the content of an earlier statement is true. Rather, you may use these earlier statements only to determine whether they are consistent or inconsistent with the witness's trial testimony and therefore whether they affect that witness's credibility. If you believe that a witness has been discredited in this manner, it is your exclusive right to give that witness's testimony whatever weight you think it deserves.

You will note that the indictment charges that the offenses were committed on or about a specified date. The government does not have to prove that a crime was committed on the exact date, so long as the government proves beyond a reasonable doubt that Ms. Swenson committed the crimes alleged in the indictment reasonably near the dates stated in the indictment. Similarly, it does not matter if the indictment charges that certain transactions involved specific amounts of money and the evidence shows that it was a different amount. The law requires only a substantial similarity between the amounts alleged in the indictment and the amounts established by the evidence.

If Ms. Swenson is found guilty, it is my duty to decide what the punishment will be. You may not consider punishment in any way. It may not enter your deliberation or discussion.

If you have taken notes, they should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely on your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

# SPECIFIC INSTRUCTIONS FOR THIS CASE

## Instructions and Definitions that Apply to More Than One Count

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find Ms. Swenson guilty or not guilty as to one of the counts charged should not control your verdict as to others, unless you are otherwise instructed. Ms. Swenson is not on trial for any act, conduct, or offense not alleged in the indictment. You are not called on to decide the guilt of any person not on trial as a defendant in this case, except as you are otherwise instructed.

Violating a state's adoption regulations is not a crime in itself, and Ms. Swenson is not charged in this case with violating those regulations. A regulatory violation may subject an individual to a civil penalty, which is different than a criminal punishment. The only reason you may consider evidence of regulatory violations is to help you decide whether or not Ms. Swenson intended to violate the law, as the government claims in the indictment. If you conclude from other evidence in the case that Ms. Swenson violated the law, then you must separately decide whether she intended to do so. Evidence of regulatory violations concerns the intent issue. It is up to you to decide whether this evidence is persuasive.

Evidence of poor business practices by Ms. Swenson does not establish a crime in itself. This evidence was admitted solely to help you decide, if it does aid your determination, whether or not Ms. Swenson intended to commit the specific offenses of mail and wire fraud the indictment charges.

"Knowingly," as used throughout these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive

another of money.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation or promise would also be "false" if it constitutes a half-truth, or effectively omits or conceals a material fact, provided it is made with the specific intent to defraud.

A representation or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation, and communication.

Instructions on Counts 1 and 2

You are asked in Counts 1 and 2 to decide whether the government has proved beyond a reasonable doubt that Ms. Swenson is guilty of the offense of wire fraud.

You are asked in Count 1 to decide whether the government has proved beyond a reasonable doubt that Ms. Swenson is guilty of the offense of wire fraud, for causing the wire transfer of $2,300 from prospective adoptive family M.S. to Sans Pareil Center for Children and Family Services, LLC for birth mother expenses and termination fees for birth mother T.P. on or about October 29, 2013.

You are asked in Count 2 to decide whether the government has proved beyond a reasonable doubt that Ms. Swenson is guilty of the offense of wire fraud, for causing the wire transfer of $8,550 from D.W. (for prospective adoptive family M.C.) to Sans Pareil, for fees related to birth mother B.P., on or about January 15, 2014.

Federal law makes it a crime for anyone to use interstate wire communications in carrying out a scheme to defraud.

For you to find Ms. Swenson guilty of Count 1 or Count 2, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to that count:

*First*: that Ms. Swenson knowingly devised or intended to devise a scheme to defraud, that is a scheme to obtain money from individuals based on false representations or promises;

*Second*: that the scheme to defraud used false material representations or promises;

*Third*: that Ms. Swenson transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing or signal for the purpose of executing that scheme; and

*Fourth*: that Ms. Swenson acted with a specific intent to defraud.

A "scheme to defraud," "specific intent to defraud," "false representation or promise," and "material representation or promise," and "interstate commerce" have the meanings set out on pages 6 and 7 of these instructions. The parties have stipulated that the wire communications were in interstate commerce and you must accept this fact as proven.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent representations or promises that was substantially the same as the

8

scheme alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate wire communications facilities was closely related to the scheme because Ms. Swenson either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme. The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent representations or promises is a separate offense.

<u>Instructions on Counts 3 and 4</u>

You are asked in Counts 3 and 4 to decide whether the government has proved beyond a reasonable doubt that Ms. Swenson is guilty of the offense of mail fraud.

You are asked in Count 3 to decide whether the government has proved beyond a reasonable doubt that Ms. Swenson is guilty of the offense of mail fraud, for causing cashier's check no. 4462004811 from prospective adoptive family D.C. to be delivered by mail to Sans Pareil, on or about June 5, 2013, for the payment of adoption placement fees.

You are asked in Count 4 to decide whether the government has proved beyond a reasonable doubt that Ms. Swenson is guilty of the offense of mail fraud, for causing check no. 500179 from prospective adoptive family A.N. to be delivered by mail to Sans Pareil, on or about September 18, 2013, for the payment of adoption placement fees.

Federal law makes it a crime for anyone to use the mails or any private or commercial interstate carrier in carrying out a scheme to defraud.

For you to find Ms. Swenson guilty of Count 3 or Count 4, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to that count:

*First*: that Ms. Swenson knowingly devised or intended to devise a scheme to defraud, that is a scheme to obtain money from individuals based on false representations or promises;

*Second*: that the scheme to defraud used false material representations or promises;

*Third*: that Ms. Swenson caused something to be delivered through the United States Postal Service or through a private interstate carrier for the purpose of executing the scheme; and

*Fourth*: that Ms. Swenson acted with a specific intent to defraud.

A "scheme to defraud," "specific intent to defraud," "false representation or promise," and "material representation or promise" have the meanings set out on pages 6 and 7 of these instructions. The parties have stipulated that the mail communications were in interstate commerce and you must accept this fact as proven.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that Ms. Swenson knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent representations or promises that was substantially the same as the scheme alleged in the indictment.

10

It is also not necessary that the government prove that the mailed material was itself false or fraudulent, or that the use of the U.S. mail or a private interstate carrier was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the U.S. mail or private interstate carrier was closely related to the scheme because Ms. Swenson either mailed something, or caused it to be mailed, or either sent or delivered something or caused it to be sent or delivered, in an attempt to execute or carry out the scheme. The alleged scheme need not actually have succeeded in defrauding anyone.

To "cause" the U.S. mails or private interstate carrier to be used is to do an act with knowledge that the use of the mails or private interstate carrier will follow in the ordinary course of business or when such use can reasonably be foreseen, even though the defendant did not intend or ask that the mails or private interstate carrier be used.

Each separate use of the mails or a private or commercial interstate carrier in furtherance of a scheme to defraud by means of false or fraudulent representations or promises is a separate offense.

**FINAL INSTRUCTIONS ON YOUR DELIBERATIONS**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your

honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Always remember, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience. The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the end of your deliberations, the foreperson should date and sign the verdict form. The foreperson will keep the verdict form until the court asks for it.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the courtroom to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

SIGNED on September 27, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge