United States District Court
Southern District of Texas
**ENTERED**
August 16, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| VS. | § | CRIMINAL ACTION NO. H-15-402 |
| | § § § § | |
| SIMONE SWENSON | § | |

**MEMORANDUM AND ORDER**
**DENYING MOTION TO EXTEND SURRENDER DATE AND FOR RESENTENCING**

Simone Swenson has been given many breaks and accommodations. She was on bond from her 2015 indictment to her 2019 jury trial and conviction. She received a below guideline sentence of 24 months in prison, 3 years of supervised release, and restitution, but she was allowed to remain on bond during her appeal. She agreed that if the appellate court affirmed, she would file a motion within 10 days after the mandate issued seeking a self-surrender date. The Fifth Circuit did affirm and issued its mandate in February 2022. This court ordered Swenson to surrender to FPC Bryan on June 6, 2022. Swenson then moved to delay her surrender to get more COVID related medical treatment. This court granted the motion, ordering surrender on August 9, 2022. (Docket Entry No. 271). Now Swenson moves to extend her surrender date once again and for resentencing under 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Entry Nos. 273, 278, 279). The government opposes the motion. (Docket Entry No. 277).

Swenson has put off the penal consequence of her criminal conduct for three years since her conviction, and for seven years since the conduct occurred. She presents no legal or factual basis for further delay.

### I.     The Motion Is Premature

To the extent Swenson seeks resentencing under the compassionate release statute, 18 U.S.C. § 3582(c), her motion is premature and otherwise without basis. True, the statute does not contain "any express requirement that a defendant be in the custody of the Bureau of Prisons at the time [s]he petitions for compassionate release." *United States v. Austin*, 468 F. Supp. 3d 641, 643 (S.D.N.Y. 2020). But that requirement is nonetheless implicit because § 3582(c) makes the exhaustion of administrative remedies—including filing a request with the warden at the relevant Bureau facility—a condition precedent to relief. *See* 18 USC § 3582(c)(1)(A)(i). Indeed, the cases to which Swenson directs the court involve the actual releases of incarcerated persons. (*See* Docket Entry No. 273 at 8–10).

Swenson is not in custody. She has not begun serving her sentence. She has not and cannot exhaust her remedies by making a request for release to the prison warden and she has served not a day of her custodial sentence.

### II.    There Is No Meritorious Basis for the Motion

Swenson does not show a meritorious basis for relief even assuming that the compassionate release statute permits anticipatory "release." Defendants who have not served a substantial portion of their sentences are not favored candidates for compassionate release. *See, e.g.*, *United States v. Thompson*, 984 F.3d 431, 434–35 (5th Cir.) ("The courts that granted compassionate release on [the] bases [of preexisting conditions] largely have done so for defendants who had already served the lion's share of their sentences[.]"), *cert. denied*, 141 S. Ct. 2688 (2021); *United States v. Love*, 853 F. App'x 986, 987 (5th Cir. 2021) (common manageable conditions do not warrant compassionate release especially if defendant has not served "lion's share" of sentence). Swenson has not yet served a day of her sentence.

Neither are Swenson's medical conditions sufficiently extraordinary and compelling to justify reducing her prison term. She has no terminal illness, and the long-COVID related symptoms she and the letters from her doctor describe—cough, shortness of breath on exertion, occasional wheezing, fatigue, brain fog, and numbness in her extremities (Docket Entry Nos. 273-1 at 4, 279)—are not symptoms that would "substantially diminish[]" her ability to provide "self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. 1(A); *see also Thompson*, 984 F.3d at 433 (denying motion for compassionate release, in part, because defendant's ability to care for himself was not substantially diminished). To the extent Swenson is afraid of COVID reinfection, the Bureau of Prisons reports that FPC Bryan currently has no COVID cases. The Bureau of Prisons can provide medical treatment and medication, and Swenson's is sadly far from the first case of long COVID the Bureau has encountered.

The factors under 18 U.S.C. § 3553(a) do not weigh in favor of the relief Swenson seeks. Swenson exploited the hopes and dreams of those unable to have children by offering them babies, taking money for the babies, then taking those babies away—and keeping the money. Swenson's medical condition is relevant, but the court must consider all the § 3553(a) factors. The nature and circumstances of her criminal conduct, the length of time involved, the harm she inflicted, and the seriousness of the offense, all call out for just punishment. The court went below the guideline range, recognizing Swenson's lack of criminal history and her apparent remorse. Her continued efforts to avoid the punishment she received and to indefinitely delay and effectively erase that punishment need to end.

**III.     Conclusion**

Swenson's motion to extend her surrender date and for resentencing under 18 U.S.C. § 3582(c)(1)(A)(i), Docket Entry No. 273, is denied. Swenson must surrender on August 23, 2022, to FPC Bryan.

SIGNED on August 16, 2022, at Houston, Texas.

_____<br>
Lee H. Rosenthal<br>
Chief United States District Judge